E-FILED
Monday, 10 April, 2006  10:42:31 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CRIMINAL ACTION NO. 06-10019 |
| | ) | |
| ROBERT LAWRENCE, | ) | |
| Defendant. | ) | |

**BRIEF IN SUPPORT OF MOTION FOR ORDER DIRECTING THE GOVERNMENT TO RESPOND TO BILL OF PARTICULARS, AND FOR CONTINUANCE OF ARRAIGNMENT**

Comes now Defendant and for his brief in support of motion for order directing the government to respond to the Defendant's bill of particulars, and for continuance of the arraignment, and states:

**FACTUAL BACKGROUND**

At the initial appearance on March 28, 2006, Defense counsel expressed concern about entering a plea without being informed of the nature and cause of the accusation. The government has as much as admitted that they intend to follow a course of duplicity in the prosecution of the Defendant. Upon the Defendant's agreement not to contest the exclusion of those days for purposes of Speedy Trial calculations, the Court allowed 2 weeks and 2 days for the government to respond to a bill of particulars. The cause was set for arraignment on April 13, 2006, at 2:30 PM.

Defense counsel presumes that this allowance was for the purpose of enabling the Defendant to see clearly the nature and cause of the charges to which he must make a defense.

1

Why else would the matter be delayed? The review of government materials binds the government little if any, and is ordinarily done after arraignment, presuming that the Defendant's due process rights are satisfactorily protected prior to the demand for a plea.

Counsel for the government has now stated that it intends to allow the review and copying of certain materials, with equipment brought on site by defense counsel, but not to respond to the bill of particulars.

Defendant and his counsel are mindful of the burdens upon the Court's time, and wish to make those as light as possible consistent with his obligation to defend Mr. Lawrence's good name, his liberty, and his other rights which are routinely shed by those branded as convicted felons. Defense counsel was informed of the fact that the government did not intend to respond in writing with any of the particulars sought on Thursday, April 6, 2006. Defense counsel discussed this matter with his client and carefully reflected on the various considerations involved before making the decision to seek the aid of the Court and a continuance of the arraignment.

The Defendant has scant resources for his defense, and most humbly and respectfully prays that the Court take notice and allow him to defend his rights in a way that contributes both to judicial economy and to the Defendant's economy. It is for this reason that the Defendant asks the Court to expedite the decision of this motion, and to continue the hearing of April 13, 2006, to such time as the government represents is sufficient to provide the particulars requested.

**LEGAL ANALYSIS**

It can hardly be denied that the Defendant is entitled to know the nature and cause of the accusation. Not only is this right enshrined in the constitution and the caselaw, it is also written

in Fed. R. Crim. Pro 11(b)(1)(G). This particular rule ensures that each criminal defendant is informed of the nature and cause of the accusation ***before*** the Court receives a plea.

There are two separate and distinct species of tax evasion. In *U.S. v. Conley*, 826 F.2d 551 (7th Cir. 1987) the Court explained:

> [24] The defendant also argues truthfully that the jury was presented with no evidence of defendant's willful failure to disclose his tax liability. The charge against the defendant, however, was that he willfully attempted to avoid paying what he did disclose, ***a separate offense***. There is a distinction between willfully attempting to evade the assessment of the tax and willfully attempting to evade or defeat the payment of the tax. *Sansone v. United States*, 380 U.S. 343, 354, 85 S.Ct. 1004, 1011-12, 13 L.Ed.2d 882 (1965). We have accepted the defendant's invitation to compare his conduct with that of the defendants in several other cases.
> (Emphasis added)

Learned counsel for the government stated at the March 28, 2006 hearing that the government intended to prove both species of tax evasion. He did not deny that both crimes arise out of 26 U.S.C. § 7201, or that the earmark of each were included in the indictment. He simply opined that the government would like to have the opportunity to prove either or both at trial.

This is called duplicity, and is forbidden by the caselaw. In *United States v. Kimberlin*, 781 F.2d 1247 (7th Cir. 1985) the Court said:

> [12] We note, initially, that the ban against duplicitous indictments derives from four concerns. First, courts condemn duplicitous indictments which fail to give defendants adequate notice of the nature of the charges against which they must prepare a defense. See *United States v. Berardi*, 675 F.2d 894, 899 (7th Cir. 1982). Second, courts denounce duplicitous counts which threaten to subject defendants to prejudicial evidentiary rulings at trial. See *United States v. Pavloski*, 574 F.2d 933, 936 (7th Cir. 1978); *United States v. Alsobrook*, 620 F.2d 139, 143 (6th Cir. 1980), cert. denied, 449 U.S. 843, 101 S.Ct. 124, 66 L.Ed.2d 51. Third, courts dismiss duplicitous indictments which produce trial records inadequate to allow defendants to plead prior convictions or acquittals as a bar to subsequent prosecution for the same offense. See *United States v. Berardi*, 675 F.2d at 899; *United States v. Zeidman*, 540 F.2d 314, 316-17 (7th Cir. 1976). Finally, courts

overturn duplicitous indictments which present a risk that the jury may have convicted a defendant by a nonunanimous verdict. See *United States v. Bins*, 331 F.2d 390, 393 (5th Cir. 1964) (dismissing a duplicitous indictment because the jury may not have agreed unanimously that defendant committed at least one of the offenses charged in the indictment), cert. denied, 379 U.S. 880, 85 S.Ct. 149, 13 L.Ed.2d 87.

For Mr. Lawrence more than most, the expense and effort of defending against charges other or greater than those proper and authorized by the law is a paramount consideration. Mr. Lawrence has limited resources which must be carefully marshalled to provide an adequate defense to those charges properly alleged and laid against him. Any moneys expended on other charges threaten to exhaust him financially and otherwise, thus depriving him of his constitutionally guaranteed right to a fair trial, competent representation, etc. Thus the first consideration condemning duplicity in indictments calls for an order from this Court directing the government to provide the requested particulars. The remaining considerations, each meritorious and applicable in their own right, do not call for extensive discussion in this brief, inasmuch as the first consideration provides overwhelming reason for the aid of the Court.

Defendant has focused on one issue, that of duplicity, which does not seek to address every consideration involved with each and every requested particular. However, the government's response has been no response at all, in the face of plain overreaching in the charging instrument. It would not be a prudent use of the resources of the Court or the Defendant to presume which questions the government might or might not object to, if in fact written responses were given.

The government, pursuant to CDIL-LR 7.1, has 14 days, which would give the government until April 11, 2006, to provide its particulars. The government has used its allotted time as it has chosen. If the government responds forthrightly to each of the requested particulars

by midnight on April 11, 2006, then the Defendant is satisfied and prepared to appear on April 13, 2006, at 2:30 PM, previously set by the Court.

However, if the government seeks more time to respond, the Defendant submits that those days should be charged to the government and not to the Defendant, for purposes of Speedy Trial.  The government presumably read the pleading requesting the particulars, and knows the answers as well as it can.  Surely the government would not be so bold as to presume that it need not to inform itself of answers critical to the due process rights of the Defendant.  It would be improvident to presume that the government's paper files, which presumably bind the government to little if anything, are sufficient to provide particulars which *commit* the government to one of two currently claimed theories.

WHEREFORE, Defendant requests that the Court order the government to forthrightly provide the particulars requested; and continue the hearing of the present action for a reasonable time, with no exclusion of time from the Speedy Trial calculations; and for all such other and further relief as may be appropriate whether or not specifically prayed.

By:  /s/ Oscar Stilley
Oscar Stilley, Attorney at Law
2120 North B Street
Fort Smith, AR 72901
(479) 573.0726 phone
(479) 573.0647 fax
oscar@oscarstilley.com

**CERTIFICATE OF SERVICE**

I, Oscar A. Stilley, certify by my signature above that a copy of the foregoing was delivered by CM/ECF this April 10, 2006 to: Gerard A. Brost, Assistant US Attorney, Suite 400, 211 Fulton Street, Peoria, IL 61602.