IN THE UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF ILLINOIS
AT PEORIA

| | |
|---|---|
| UNITED STATES OF AMERICA,     ) | |
| ) | |
| Plaintiff,     ) | |
| ) | |
| v.     ) | Criminal No. 06-10019 |
| ) | |
| ROBERT LAWRENCE,     ) | VIO: 26 U.S.C. §§7201 and 7203 |
| ) | |
| Defendant.     ) | |

**UNITED STATES' RESPONSE TO DEFENDANT'S MOTION
TO DIRECT GOVERNMENT FOR A BILL OF
PARTICULARS AND MOTION TO CONTINUE ARRAIGNMENT**

The United States of America hereby responds to and opposes defendant's Motion for Continuance of Arraignment, Motion for Order Directing the Government to Respond to Bill of Particulars and Brief in Support of Motion for Order Directing the Government to Respond to Bill of Particulars, and for Continuance of Arraignment (referred to herein as "Def.Br."), as follows:

The defendant argues that he needs to have his Bill of Particulars answered or he does not have sufficient information to plead his client to the charges set forth in the indictment. Specifically, the defendant asserts that the indictment charges him with violating 26 U.S.C. Section 7201 which provides that "any person who willfully attempts in any manner to evade or defeat any tax imposed by this title or the payment thereof shall . . . be guilty of a felony . . ."

1

However, argues the defendant, within Section 7201there is a distinction between willfully attempting to evade the assessment of the tax and willfully attempting to evade the payment of the tax. (Def. Br. 3, citing *Sansone v. United States*, 380 U.S. 343, 354 (1965)). Because the defendant does not know whether he is charged with evading the assessment or the payment of the taxes, he seeks a bill of particulars.

Defendant charges that because the indictment charges him with a violation of Section 7201 which he asserts has two distinct components and which specifies neither component, the indictment is duplicitous. Duplicity is the only grounds raised by the plaintiff in support of his motions. (Def.Br.4) The defendant's motions should be denied.

### A. FACTUAL BACKGROUND

Defendant asserts that the arraignment was continued in order for the government to respond to his Bill of Particulars. All the government would do, however, is allow the defendant to review the discovery. According to the defendant's counsel this is insufficient as "The review of government materials binds the government little if any, and is ordinarily done after arraignment . . ." Counsel's position is puzzling for two reasons. First, he has not reviewed any documents as of this date, so how does he know what a review of those

documents would reveal. Second, at the initial appearance, the Court explained that generally the government observes a liberal discovery policy which is used instead of the response to a bill of particulars. The arraignment was continued for the express reason to allow the defendant's counsel an opportunity to review the discovery.

   B.  LEGAL ANALYSIS

Rule 7(f) of the Federal Rules of Criminal Procedure allows for a bill of particulars, that is, a more specific expression of the illegal activities a defendant is accused of having engaged in. *United States v. Canino*, 949 F.2d 928, 948 (7th Cir. 1991). The decision whether to require a bill of particulars is discretionary, and the standard is whether the indictment sufficiently apprises the defendant of the charge to enable him to prepare for trial. *Canino*, 949 F.2d at 948. The long-standing policy in this circuit is that a bill of particulars is not required where information necessary for a defense can be obtained through some other satisfactory form such as an open-file policy. *Canino*, 949 F.2d at 948. See also, *U.S. v. Breit*, 2004 WL 2584701, *1 ( N.D.Ill. 2004). That this Court provided the defendant with an opportunity to review the discovery provided by the government in lieu of a bill of particulars is in keeping with the long-standing practice of this Court.

Further, defendant's assertion that the indictment is duplicitous is without merit.

Duplicity occurs when two or more separate offenses are joined in the same count. *United States v. Hager*, 969 F.2d 883, 889 (10th Cir. 1992) cert. den. 506 U.S. 964 1992. The problem created is that a jury may convict a defendant without unanimously agreeing on the defendant's guilt of the same offense. *Id.*

The Seventh Circuit addressed the issue raised by the defendant in this case in *United States v. Dunkel*, 900 F.2d 105 (7th Cir.1990), vacated and remanded on other grounds, 498 U.S. 1043 (1991). In *Dunkel*, the Court stated:

> Dunkel insists that the charges under Section 7201 are duplicitous because that statute creates two crimes: evading the assessment of taxes (as by fooling the IRS about your income) and evading the payment of taxes (as by secreting assets after taxes have been assessed.) To charge both in one count, Dunkel maintains, is to confuse both the defendant and the jury. Not so. Section 7201 creates only one crime: tax evasion. Just as you can rob a bank in a dozen ways ... so you can evade taxes in multiple ways.

Id. at 107 (emphasis in original). The Seventh Circuit characterized Sansone's discussion of the two offenses of § 7201 as a convenient means of referring to different "methods" of committing the same crime. It concluded that Sansone did not preclude the government from alleging both methods of tax evasion in a single count of an indictment. See *U.S. v. Huguenin*, 950 F.2d 23, 25-26 (1st

Cir.1991) (per curiam ) (defendant's contention that the indictment is duplicitous because it contains allegations that could be interpreted to charge him with both evasion-of-payment and evasion-of-assessment charges are without merit. The indictment charged the defendant with a single cognizable crime.) See also, *United States v. Howell*, 1996 WL 413583 *5 (D.Kan.1996) (discusses the case law on duplicity under Section 7201 and holds: "We thus conclude that Section 7201 charges on the single crime of tax evasion, and that an individual violates the statute either by evading the assessment or the payment of taxes. Absent two crimes, Mal's allegations of error fail. Where, as here, a statute defines a single crime, it is 'proper to charge the different means, denounced disjunctively in the statute, conjunctively in each count of the indictment. The indictment, therefore, was not duplicitous. We also reject Mal's contention that it was vague and ambiguous." *Citations omitted*.)

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that the defendant's motions to compel a response to the bill of particulars and to continue the date for arraignment be denied.

Respectfully submitted,
UNITED STATES OF AMERICA

RODGER A. HEATON
UNITED STATES ATTORNEY

 s/: Gerard A. Brost
Gerard A. Brost
Assistant United States Attorney
United States Attorney's Office
One Technology Plaza, Suite 400
211 Fulton Street
Peoria, Illinois 61602
Telephone: (309) 671-7050

## CERTIFICATE OF SERVICE

I hereby certify that on April 12, 2006, electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

> **Oscar A Stilley**
> OSCAR STILLEY ATTORNEY AT LAW
> 2120 North B St
> Ft Smith, AR 72901

          s/: Kim Ritthaler
          Legal Assistant