E-FILED
Friday, 28 April, 2006   11:20:08 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF ILLINOIS
AT PEORIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Criminal No.  06-10019 |
| ROBERT LAWRENCE, | ) ) ) | VIO:   26 U.S.C. §§7201 and 7203 |
| Defendant. | ) | |

**NOTICE OF NON-DISCLOSURE**

The United States of America hereby provides notice to the Court that it is not providing the following items as part of its complete discovery package:

1.  The Special Agent's Report of the Internal Revenue Service (SAR) and work papers of the IRS, including copies of summonses issued, will not be provided to the defendant in accordance with Rule 16(a)(2) of the Federal Rules of Criminal Procedure.

2.  Tax-related materials pertaining to approximately 40 other Mitsubishi Motor Manufacturing of America (Mitsubishi) employees.  The information in possession of the IRS for each of these employees for multiple years includes - IRS computer generated transcripts of the taxpayers' account, summary of information returns (such as W-2's, 1099's, and 1098's) filed on each taxpayer, memoranda of interviews, personnel files obtained from Mitsubishi which may

1

include salary information, withholding tax information, correspondence between the employee and the employer, automatic deposit forms and completed IRS forms.

Counsel has been in consultation with the IRS Office of Chief Counsel, Disclosure and Privacy Law Section, in Washington, D.C. and has been advised that some of this information is not subject to disclosure under 26 U.S.C. § 6103. Specifically prohibited under Section 6103 is disclosure of IRS computer generated transcripts of the taxpayers' account and summary of information returns (such as W-2's, 1099's, and 1098's) filed on each taxpayer.

26 U.S.C. § 6103(a) of the Internal Revenue Code provides that tax returns and return information "shall be confidential."  26 U.S.C. § 6103 thus prohibits generally the release of "tax return information."  "Return information" is defined in 26 U.S.C. § 6103 of the Code to include virtually all information collected or gathered by the IRS with respect to a taxpayer's tax liabilities, or any investigation concerning such liability. It prohibits any disclosure of either tax returns themselves or return information, except as specifically authorized by that section. 26 U.S.C. § 6103(b)(2).

26 U.S.C. § 6103(h)(4)(A) permits disclosure if the person whose return information is sought to be disclosed is a party to the proceeding, or the proceeding arose out of, or in connection with, determining that person's civil or

criminal tax liability.  None of the taxpayers whose tax return information is sought is a party to the instant proceeding.

According to the Disclosure and Privacy Law Section of IRS Office of Chief Counsel, information gathered from the employer, as well as, memoranda of interviews of the employees is discloseable to this defendant.  The information contained in the personnel files obtained from Mitsubishi is personal in nature.  Such information includes social security numbers, salary information, withholding tax information, correspondence with the employer, automatic deposit forms and completed IRS forms.

The government believes this information, although not prohibited from disclosure by Section 6103, is likely to be not relevant to the defendant.  Because of the sensitive nature of this information, the government requests that the defendant make a specific showing of need to the Court to obtain this information.

If the Court orders the disclosure of this information, the government suggests that the disclosure not include private social security numbers, bank account numbers, and other personal and irrelevant information.  The United States also requests that all such disclosures be subject to a protective order which governs the maintenance of these documents and their use.  The government will request this Court to enter a protective order prior to disclosure.

3.  The United States also provides notice that it intends to call as witnesses as many as five of the employees of Mitsubishi whose information is included in the above numbered paragraph.

In regard to these employees, the government maintains that § 6103 prohibits the disclosure of IRS computer generated transcripts of the taxpayers' account and the summary of information returns (such as W-2's, 1099's, and 1098's) filed on each taxpayer.

As to the information gathered from the employer, as well as, memoranda of interviews of the employees, once it is determined that the witness will testify, this information will be disclosed to the defendant. Due to the personal nature of the information, as above, the United States requests the disclosures not include private social security numbers, bank account numbers, and other personal and not relevant information.

The United States also requests that these disclosures be subject to a protective order which governs the maintenance of these documents and their use.

                                        Respectfully submitted,

                                        UNITED STATES OF AMERICA
                                        RODGER A. HEATON

                                        <u>S:/ Gerard A. Brost</u>
                                        Gerard A. Brost
                                        United States Attorney's Office
                                        211 Fulton Street
                                        One Technology Plaza, Suite 400
                                        Peoria, Illinois 61602
                                        Telephone: (309) 671-7050

**CERTIFICATE OF SERVICE**

I hereby certify that on April 28, 2006, electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

        **Oscar A. Stilley**
        OSCAR STILLEY ATTORNEY AT LAW
        2120 North B St
        Ft Smith, AR 72901

        s/:   Kim Ritthaler
        Legal Assistant