IN THE UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF ILLINOIS
AT PEORIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Criminal No. 06-10019 |
| ) | |
| ROBERT LAWRENCE, ) | |
| ) | |
| Defendant. ) | |

**GOVERNMENT'S MOTION FOR PROTECTIVE ORDER
REGARDING DISCOVERY**

The United States of America by and through Rodger A. Heaton, United States Attorney and Gerard A. Brost, Assistant United States Attorney for the Central District of Illinois, pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure and 28 U.S.C. § 1651, requests this Court to enter an order allowing the government to fully disclose certain materials obtained in the investigation of the defendant relative to government witnesses, prohibiting the unauthorized disclosure of discovery material and information contained therein to non litigants, and establishing safeguards to ensure compliance. In support of this motion, the government state as follows:

1. Defendant Lawrence is charged in this case in a six count indictment with willful attempt to evade or defeat taxes in violation of 26 U.S.C. § 7201 and failure to file his tax returns in violation of 26 U.S.C. § 7203.

2. The discovery materials in this case contain, among other things, private

1

personnel records regarding Mitsubishi's employees which may include tax return and taxpayer return information within the meaning of Title 26, United States Code, Section 6103(b). Disclosure of such information may be governed by Title 26, United States Code, Section 6103(a), which mandates that returns and return information shall be confidential except as authorized by Section 6103. Section 6103(h)(4)(D) permits disclosure to the defendant of such tax return and taxpayer information in accord with Rule 16 of the Federal Rules of Criminal Procedure, but further disclosure of this tax return and taxpayer return information by the defendant and his attorney is restricted by Section 6103.

3.  The government intends to follow its liberal discovery policy and thus intends to disclose to defendant and his counsel certain private financial information, and potential taxpayer return information of individuals who will be called as witnesses in this case. Although this information may not be used as evidence by the government in this action, this information was obtained pursuant to an investigation of the defendant.

4.  In order to follow the government's liberal discovery policy and to protect the parties, their counsels and agents from any assertions of improper disclosure of private financial, personnel and/or tax return information, the government requests entry of an order of protection which allows full disclosure to the defendant of those documents which were obtained pursuant to an investigation of defendant pertaining to those persons the government may call as witnesses.

5.  The government believes that the process of discovery in this case will be

facilitated by the entry of a protective order from this Court containing the following provisions (when the term "defendant" is used, said term encompasses an attorney for the defendant):

    A.    The government shall follow its liberal discovery policy including the disclosure of private and personnel records, financial records, interviews, and potential tax return information of potential government witnesses, which the government obtained in its investigation of the defendant. The government shall redact any strictly private and non-relevant information such as social security numbers, bank account numbers, and names of family members.

    B.    All materials provided as discovery which were produced by the government in preparation for or in connection with any stage of the proceedings in this case, including, but not limited to, witness statements, memoranda of interview, return information, correspondence with the Internal Revenue Service, personnel records of individuals, and any documents provided by the government other than trial exhibits (i.e., items actually admitted during the trial and made part of the records), remain the property of the United States. All such materials and all copies made thereof shall be returned to the United States Attorney's Office unless otherwise ordered by the Court or agreed upon by the parties, at the occurrence of the last of the following:

      --     the completion of all appeals, habeas corpus proceedings, or other post-conviction proceedings;

      --     the conclusion of the sentencing hearing; or

      --     the earlier resolution of charges against the defendant.

B.     Such materials provided by the United States may be utilized by the defendant solely in connection with the defense of this case and for no other purpose and in connection with no other proceeding.

C.     Upon written request to the United States, by the defendant, at or before the time of such return, all specified materials returned shall be segregated and preserved by the United States in connection with any further proceedings related to this case which are specified in such request until such proceedings are concluded.

D.     Such materials and their contents, and any notes or other record of such materials or their contents, shall not be disclosed either directly or indirectly to any person or entity other than the defendant, persons employed to assist in the defense or prosecution of this matter, or such other persons as to whom the Court may expressly authorize disclosure upon proper motion.

E.     Such materials shall not be copied or reproduced except as necessary to provide copies of the material for use by an authorized person as described above to prepare and assist in the defense or prosecution of this

matter, and all such copies and reproductions shall be treated in the same manner as the original matter. Certain documents include information private to individuals who were contacted regarding the investigation of this case and are made available to the defendant only as a result of the above strict guidelines. These documents may include:

       1. Tax related information;

       2. Personnel records of individuals;

       3. Statements of individuals contained in memoranda of interview; and

       4. Individuals' financial information.

F. Before any such disclosure to the defendant, defendant's counsel shall personally inform the defendant of the provisions of this order and direct him not to disclose any information contained in the government's discovery in violation of this order, and shall inform him that any unauthorized disclosure may be punished as contempt of court.

G. The defendant's counsel shall be responsible for controlling and accounting for all such material, copies, notes, and other records described above, and shall be responsible for assuring full compliance by himself, the defendant, and any person assisting in the defense with this order. Written certification of such compliance shall be made to the Court at the time discovery materials are returned to the United States.

6. The provisions above are not meant to limit use of information provided in discovery from being used in pretrial proceedings, investigation, motions and briefs, trial and other proceedings in this litigation, unless the discovery information is protected by another order protecting information received from a financial institution regulatory agency.

WHEREFORE, in the best interests of the administration of justice and because of the importance of protecting the privacy of potential witnesses, it is requested that a protective order as described above be entered in this case.

Respectfully Submitted,

UNITED STATES OF AMERICA

RODGER A. HEATON
UNITED STATES ATTORNEY

By:     s/: Gerard A. Brost
GERARD A. BROST
Assistant United States Attorney
One Technology Plaza - Suite 400
211 Fulton Street
Peoria, IL 61602

**CERTIFICATE OF SERVICE**

I hereby certify that on May 11, 2006, electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

        **Oscar A. Stilley**
        OSCAR STILLEY ATTORNEY AT LAW
        2120 North B St
        Ft Smith, AR 72901

        s/:   Kim Ritthaler
            Legal Assistant

IN THE UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF ILLINOIS
AT PEORIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Criminal No. 06-10019 |
| ) | |
| **ROBERT LAWRENCE,** ) | |
| ) | |
| **Defendant.** ) | |

**PROTECTIVE ORDER REGARDING DISCOVERY**

Whereas the Court has determined that the process of discovery in this case would be facilitated by the entry of a protective order:

IT IS HEREBY ORDERED:

Pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure and Title 28, United States Code, Section 1651 and Title 26, United States Code, Section 6103(h)(4)(D):

1.  The government shall follow its liberal discovery policy including the disclosure of private, personnel records, financial records, interviews and potential tax return information of its witnesses which were obtained by the government in its investigation of defendant under the terms and conditions set forth below (when the term

"defendant" is used, said term encompasses an attorney for the defendant):

    A.    Prior to disclosure, the government shall redact any strictly private and non-relevant information including social security numbers, bank account numbers, and names of family members.

    B.    All materials provided as discovery which were produced by the government in preparation for or in connection with any stage of the proceedings in this case, including, but not limited to, witness statements, memoranda of interview, tax returns, correspondence with the Internal Revenue Service, personnel records regarding an individual's employment, and any documents provided by the government other than trial exhibits (i.e., items actually admitted during the trial and made part of the records), remain the property of the United States. All such materials and all copies made thereof shall be returned to the United States Attorney's Office unless otherwise ordered by the Court or agreed upon by the parties, at the occurrence of the last of the following:

    --    the completion of all appeals, habeas corpus proceedings, or other post-conviction proceedings;

    --    the conclusion of the sentencing hearing; or

    --    the earlier resolution of charges against the defendant.

    C.    Such materials provided by the United States may be utilized by the

defendant solely in connection with the defense of this case and for no other purpose and in connection with no other proceeding.

D.  Upon written request to the United States, by the defendant, at or before the time of such return, all specified materials returned shall be segregated and preserved by the United States in connection with any further proceedings related to this case which are specified in such request until such proceedings are concluded.

E.  The parties agree that such materials and their contents, and any notes or other record of such materials or their contents, shall not be disclosed either directly or indirectly to any person or entity other than the defendant, persons employed to assist in the defense or prosecution of this matter, or such other persons as to whom the Court may expressly authorize disclosure upon proper motion.

F.  Such materials shall not be copied or reproduced except as necessary to provide copies of the material for use by an authorized person as described above to prepare and assist in the defense or prosecution of this matter, and all such copies and reproductions shall be treated in the same manner as the original matter.  Certain documents include information private to individuals contacted by the government in investigating this matter and is made available to the defendant only as a result of the above

10

strict guidelines. These documents may include:

1. Tax related information;

2. Personnel records of individuals;

3. Statements of individuals contained in memoranda of interview;

4. Individuals' financial information.

G. Before any such disclosure to the defendant, defendant's counsel shall personally inform the defendant of the provisions of this order and direct him not to disclose any information contained in the government's discovery in violation of this order, and shall inform him that any unauthorized disclosure may be punished as contempt of court.

H. The defendant's counsel shall be responsible for controlling and accounting for all such material, copies, notes, and other records described above, and shall be responsible for assuring full compliance by himself and any person assisting in his defense with this order. Written certification of such compliance shall be made to the Court at the time discovery materials are returned to the United States.

2. Nothing in this order limits use of information provided in discovery from being used in pretrial proceedings, investigation, motions and briefs, trial and other proceedings in this litigation, unless the discovery information is protected by another

order protecting information received from a financial institution regulatory agency.


**APPROVED AND SO ORDERED**
**THIS _____ DAY OF _____, 2006.**

_____
MICHAEL M. MIHM
UNITED STATES DISTRICT JUDGE