E-FILED
Friday, 12 May, 2006 03:50:29 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF ILLINOIS
AT PEORIA

**FILED**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | MAY 1 2 2006 |
| Plaintiff, | ) | |
| | ) | JOHN M. WATERS, Clerk |
| | | U.S. DISTRICT COURT |
| | | CENTRAL DISTRICT OF ILLINOIS |
| v. | ) | Criminal No. 06-10019 |
| | ) | |
| ROBERT LAWRENCE, | ) | |
| | ) | |
| Defendant. | ) | |

## PROTECTIVE ORDER REGARDING DISCOVERY

Whereas the Court has determined that the process of discovery in this case would be facilitated by the entry of a protective order:

IT IS HEREBY ORDERED:

Pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure and Title 28, United States Code, Section 1651 and Title 26, United States Code, Section 6103(h)(4)(D):

1.    The government shall follow its liberal discovery policy including the disclosure of private, personnel records, financial records, interviews and potential tax return information of its witnesses which were obtained by the government in its investigation of defendant under the terms and conditions set forth below (when the term

"defendant" is used, said term encompasses an attorney for the defendant):

A.    Prior to disclosure, the government shall redact any strictly private and non-relevant information including social security numbers, bank account numbers, and names of family members.

B.    All materials provided as discovery which were produced by the government in preparation for or in connection with any stage of the proceedings in this case, including, but not limited to, witness statements, memoranda of interview, tax returns, correspondence with the Internal Revenue Service, personnel records regarding an individual's employment, and any documents provided by the government other than trial exhibits (i.e., items actually admitted during the trial and made part of the records), remain the property of the United States. All such materials and all copies made thereof shall be returned to the United States Attorney's Office unless otherwise ordered by the Court or agreed upon by the parties, at the occurrence of the last of the following:

    --    the completion of all appeals, habeas corpus proceedings, or other post-conviction proceedings;

    --    the conclusion of the sentencing hearing; or

    --    the earlier resolution of charges against the defendant.

C.    Such materials provided by the United States may be utilized by the

strict guidelines. These documents may include:

        1.     Tax related information;

        2.     Personnel records of individuals;

        3.     Statements of individuals contained in memoranda of interview;

        4.     Individuals' financial information.

G.     Before any such disclosure to the defendant, defendant's counsel shall personally inform the defendant of the provisions of this order and direct him not to disclose any information contained in the government's discovery in violation of this order, and shall inform him that any unauthorized disclosure may be punished as contempt of court.

H.     The defendant's counsel shall be responsible for controlling and accounting for all such material, copies, notes, and other records described above, and shall be responsible for assuring full compliance by himself and any person assisting in his defense with this order. Written certification of such compliance shall be made to the Court at the time discovery materials are returned to the United States.

2.     Nothing in this order limits use of information provided in discovery from being used in pretrial proceedings, investigation, motions and briefs, trial and other proceedings in this litigation, unless the discovery information is protected by another

11

order protecting information received from a financial institution regulatory agency.

**APPROVED AND SO ORDERED**
**THIS** _12th_ **DAY OF** _May_ , **2006.**

s/Michael M. Mihm

MICHAEL M. MIHM
UNITED STATES DISTRICT JUDGE

12