# IN THE UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# PEORIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 06-10019 |
| ) | |
| ROBERT LAWRENCE, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court is Defendant Robert Lawrence's ("Lawrence") Motion for Attorney's Fees and Costs. For the reasons set forth below, Lawrence's motion [#29] is DENIED.

## BACKGROUND

On March 16, 2001, a federal grand jury indicted Lawrence, charging him with three counts of tax evasion under 26 U.S.C. § 7201, relative to years 1999, 2000, and 2001, and three counts of willful failure to file income taxes under 26 U.S.C. § 7203 for the same years. On March 28, 2006, an arraignment hearing was held in front of Magistrate Judge John Gorman in Peoria, Illinois. At the hearing, Judge Gorman granted Lawrence's request to continue the arraignment. A second arraignment hearing was held on May 13, 2006 where Lawrence pled not guilty to all six counts of the indictment. Trial was set for May 15, 2006.

On May 10, 2006, defense counsel informed the Government that the Paperwork Reduction Act ("PRA") would be part of Lawrence's defense and that certain documents that had not previously been disclosed to the Government pertained to that defense. On the morning of May 11, 2006, the Government moved for a short continuance of the trial date

because the Government had not received the documents pertaining to the PRA, defense counsel had not provided the Government with contact information for three of its expert witnesses, and defense counsel had not provided the Government with the subject matter about which the three expert witnesses would testify. The Court held a telephone hearing on the Government's motion on May 11, 2006, and ordered defense counsel to provide the Government with the outstanding information on that day.

According to the Government, after the hearing on May 11, 2006, the IRS revenue agent and special agent assigned to this case reviewed certain tax calculations in preparation for trial. At that time, the agents discovered that the calculations of Lawrence's tax liabilities for 1999 and 2001 were incorrect. Specifically, the agents discovered that the taxable income for these two years was based on a combination of Lawrence's income from his employment at Mitsubishi as well as the sale of rental properties. In preparing the figures for the indictment, the case agent determined the sales price for each of the rental properties and subtracted what she believed to be the defendant's basis in each property. The figure that she subtracted was the amount Lawrence had listed in his 1998 tax return under "Basis for depreciation." The Government acknowledges that this was an error because the figures Lawrence listed in his 1998 tax return as "Basis for depreciation" were not Lawrence's actual basis in the properties but were instead the amounts Lawrence claimed he had spent in 1998 for improvements to each property. Accordingly, the agents recalculated Lawrence's tax liabilities during the afternoon of May 11, 2006, and found that Lawrence's tax liabilities for 1999, 2000, and 2001 were not $10,275, $11,927, and $9,453 respectively but were $7,111, $11,927, and $702 for those years.

On May 12, 2006, the Court held another telephone hearing to determine whether the issues raised in the Government's motion to continue had been cured. The parties indicated that the issues were cured and that the Government had researched the PRA issue and planned to file a motion in limine regarding the PRA defense. Accordingly, the Government withdrew its motion to continue the trial date.

Additionally, during the telephone hearing on May 12, 2006, the Government informed the Court and the Defendant that the Government had discovered errors in the dollar amounts set forth in the indictment. The Government orally moved to amend the indictment by interlineation. Defense counsel objected and the Court denied the motion. Later the same day, the Government moved to dismiss all of the counts against Lawrence.

As a result of the dismissal, Lawrence has filed the instant Motion for Attorney's Fees and Costs. The Government responded to the motion and Lawrence subsequently filed a reply to the Government's response. As the issue is now fully briefed, this Order follows.

## DISCUSSION

Lawrence asks the Court to award him attorney's fees pursuant to the Hyde Amendment. The Hyde Amendment was enacted by Congress as part of a 1998 appropriations bill and is located in a Statutory Note to 18 U.S.C. § 3006A. Specifically, the Hyde Amendment authorizes an award of reasonable attorney's fees and other litigation expenses to the prevailing party where the court finds that the United States' position was vexatious, frivolous or in bad faith. *United States v. Sriram*, No. 00 CR 0894, 2005WL 843211, at *1 (N.D.Ill., January 27, 2005) (citing 18 U.S.C. § 3006A Note). Additionally, the defendant has the burden of proving that the Government's prosecution was vexatious, frivolous, or in bad faith. *United States v. Lindberg*, 220 F.3d 1120, 1124 (9th Cir. 2000). A

threshold inquiry in the application of the Hyde Amendment is whether the petitioner is a "prevailing party" under the statute. *Id.* Here, it is clear that Lawrence was the prevailing party because all of the claims against him were dismissed with prejudice.

At the outset, the Court notes that Lawrence's motion repeatedly refers to the fact that the sole statute of prosecution in this case was 26 U.S.C. § 7203 (failure to file income taxes); however, this is not true. The indictment clearly states that Lawrence was being charged with three counts of violating 26 U.S.C. § 7203 and three counts of violating 26 U.S.C. § 7201 (tax evasion). Accordingly, Lawrence is incorrect in stating that 26 U.S.C. § 7203 is the sole statute listed in the indictment.

In his motion, Lawrence's primary argument is that the Hyde Amendment authorizes the Court to award him over $35,000 in fees because the Government's prosecution of him was vexatious, frivolous, and in bad faith. Lawrence claims the PRA of 1995 fully and absolutely protected him from the charges in the indictment and therefore the Government's prosecution of him, when it knew that the PRA absolved him of liability, was vexatious, frivolous, and in bad faith. Specifically, Lawrence claims that "there are many violations of the PRA of 1995 regarding Form 1040 that the United States knew about prior to attempting to deprive the Defendant of his liberty." Additionally, Lawrence claims that the Government's decision to dismiss the tax evasion counts of the indictment prior to responding to the Bill of Particulars indicates that Lawrence's prosecution was vexatious. Finally, Lawrence argues that the Government's dismissal of the charges against Lawrence and the discovery of the errors in the tax calculations only two days before trial indicate that the Government's prosecution was brought in bad faith.

In response, the Government argues that the prosecution of Lawrence was not vexatious, frivolous, or in bad faith. Specifically, the Government argues that the PRA is not a valid defense to the charges against Lawrence and states that it did not make the decision to dismiss the charges against Lawrence because of his potential PRA defense. The Government contends that it only made the decision to dismiss the indictment after learning about the calculation error and after the Court denied its motion to amend the indictment by interlineation. At that point, the Government claims that it evaluated its options in light of the calculation errors and determined that "the errors were serious enough to undermine the jury's confidence in the government's case." As support for its argument, the Government submitted an affidavit from the IRS agent responsible for the miscalculation who verified that these errors were not discovered until the afternoon of May 11, 2006.

Lawrence's main argument in support of this motion is that the Government's prosecution was vexatious, frivolous, and in bad faith because the Government knew that the PRA provided Lawrence with a full defense to liability for failing to file income taxes. However, Lawrence fails to recognize that the posture of the instant motion does not permit the Court to address the merits of the PRA defense. In this Motion for Attorney's Fees, the only question before the Court is whether the Government's prosecution of Lawrence was vexatious, frivolous, or in bad faith and the Court finds that it was not. In light of the cases that had addressed the PRA of 1980, as of the time that Lawrence was prosecuted, the Government had good reason to believe that the PRA defense (even based on the amended PRA of 1995) would not provide someone who failed to pay income taxes with a valid defense. Lawrence spends numerous pages of his brief addressing the merits of the PRA defense and arguing that even though the Seventh Circuit found that the PRA of 1980 was not

a valid defense to the allegations in Lawrence's indictment, that the PRA of 1995 would provide Lawrence with that defense. However, Lawrence has failed to cite any cases that support his argument. He claims that the law is clear on this point; however, not one court has held that the PRA of 1995 is a complete defense to a prosecution for a failure to file income taxes. Accordingly, Lawrence cannot argue that the Government's indictment of Lawrence was frivolous or vexatious.

Even if a defendant like Lawrence is eventually successful at convincing a court that the PRA of 1995 provides individuals like Lawrence with a valid defense for failing to pay taxes, something that appears unlikely in light of the cases addressing the PRA of 1980 defense, Lawrence's argument that the Government should have known that this was the law at the time that Lawrence was prosecuted is ridiculous. At of now, the Seventh Circuit has yet to address the validity of the PRA of 1995 as a defense and therefore the Government could not have known at the time that Lawrence was indicted, as Lawrence claims, that the PRA was an absolute defense to the crimes charged. Accordingly, the Court finds that the existence of the PRA of 1995 does not mean that the Government's prosecution of Lawrence was vexatious, frivolous, or in bad faith.

In his reply brief, Lawrence argues that the Government's dismissal of the tax evasion charges against Lawrence prior to responding to the Bill of Particulars indicates that the Government's prosecution of Lawrence was vexatious. The Court disagrees. There are numerous reasons why the Government may have chosen to dismiss the tax evasion charges. The Government may have been attempting to eliminate confusion for the jury by focusing its efforts on the failure to file taxes charges or it may have felt that its case against Lawrence for failing to file taxes was significantly stronger than its tax evasion case. Regardless of the

reason, Lawrence has failed to prove that the Government's position was vexatious. Lawrence's only "proof" is the fact that the Government dismissed the charges prior to responding to the Bill of Particulars, and that alone is simply not enough to meet its burden under the Hyde Amendment.

Lawrence also argues that the Government's position was obviously in bad faith because the Government moved to dismiss the charges with prejudice after learning that Lawrence would be raising the PRA as a defense. However, the Government claims that it believes that the PRA is not a valid defense and that it dismissed the charges against Lawrence because of the likelihood that the jury's confidence in its case would be undermined by the errors in the amounts listed in the indictment. The Court has no reason to doubt the Government's assertions regarding when they discovered the errors in calculations or that the jury's confidence may have been undermined by the existence of the errors. The Court finds that these subsequent developments do not establish that the Government acted in bad faith.

Moreover, the fact that the Government decided to dismiss the charges has nothing to do with whether the charges were brought in bad faith. Bad faith under the Hyde Amendment is more than just bad judgment or negligence, bad faith implies "the conscious doing of a wrong because of dishonest purpose of moral obliquity." *United States v. True*, 250 F.3d 410, 423 (6th Cir. 2001). Lawrence has not set forth any evidence to show that the Government's motivation for indicting Lawrence was anything other than its belief that Lawrence committed the crimes of tax evasion and failing to file income taxes. Lawrence's only argument regarding the Government's motive is his assertion that the Government's prosecution was part of a systematic effort to harass JoY Foundation members and deny them their First

7

Amendment rights. However, Lawrence has not provided the Court with any evidence of this supposed harassment or any evidence to show that the Government's motivation was anything other than its honest belief that Lawrence had violated federal law. Accordingly, the Court is not persuaded that the Government's decision to dismiss the charges indicates that Lawrence's prosecution was vexatious, frivolous, or in bad faith.

Lawrence's next argument is that the Government's request for a continuance two days prior to trial to learn about the PRA defense indicates that the Government's position was in bad faith. With all due respect to Lawrence, the Court does not find that the Government's request for a continuance to learn about a potential defense on the eve of trial indicates that its position was in bad faith. The Government only received notice that Lawrence intended to rely on the PRA as part of his defense on May 10, 2006, and at the time that the Government moved for a continuance, the Government had yet to receive copies of documents from defense counsel regarding Lawrence's PRA defense. Additionally, Lawrence had not provided the Government with contact information for three of his expert witnesses or the subject matters upon which they would testify. As the Government's request for a continuance was at least partly attributable to defense counsel's failure to provide sufficient discovery information in a timely manner, the Court finds that the Government's decision to seek a continuance of the trial date does not indicate that the Government was acting in bad faith.

Lawrence next argues that it is clear that the Government acted in bad faith because the IRS agents did not review the evidence until two days before trial. However, Lawrence has not submitted any evidence to support this argument. He merely contends that the Government should have discovered this error prior to two days before trial; however, without

supporting evidence, he cannot support this claim. Lawrence has the burden of proving that the Government acted in bad faith and the Court finds that he has failed to meet this burden. Lawrence is not entitled to attorney's fees on this basis.

## CONCLUSION

For the reasons set forth above, Lawrence's Motion for Attorney's Fees and Costs [#29] is DENIED.

ENTERED this 31st day of July, 2006.

s/Michael M. Mihm
Michael M. Mihm
United States District Judge
