# United States Court of Appeals

For the Seventh Circuit

Chicago, Illinois 60604

JUDGMENT - WITH ORAL ARGUMENT

E-FILED
Monday, 26 March, 2007 12:55:09 PM
Clerk, U.S. District Court, ILCD

FILED
MAR 2 6 2007
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

Date: March 1, 2007

BEFORE:       Honorable FRANK H. EASTERBROOK, Chief Judge

              Honorable ILANA DIAMOND ROVNER, Circuit Judge

              Honorable DIANE S. SYKES, Circuit Judge

No. 06-3205

UNITED STATES OF AMERICA,
            Plaintiff - Appellee
    v.

ROBERT LAWRENCE,
            Defendant - Appellant


Appeal from the United States District Court for the
Central District of Illinois
No. 06 CR 10019, Michael M. Mihm, Judge


     The judgment of the District Court is AFFIRMED, in
accordance with the decision of this court entered on this date.


(1061-110393)

A True Copy!
Teste:
Clerk of the United States
Court of Appeals for the
Seventh Circuit



> **NONPRECEDENTIAL DISPOSITION**
> To be cited only in accordance with
> Fed. R. App. P. 32.1

# United States Court of Appeals
For the Seventh Circuit
Chicago, Illinois 60604

Argued February 5, 2007
Decided March 1, 2007

*Before*

Hon. FRANK H. EASTERBROOK, *Chief Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 06-3205

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ] | Appeal from the United |
| | ] | States District Court for |
| *Plaintiff-Appellee,* | ] | the Central District of |
| | ] | Illinois, Peoria Division |
| | ] | |
| v. | ] | No. 06 CR 10019 |
| | ] | |
| ROBERT LAWRENCE, | ] | |
| | ] | **Michael H. Mihm,** |
| *Defendant-Appellant.* | ] | *Judge.* |

## ORDER

On March 16, 2006, a federal grand jury indicted Robert Lawrence on three counts of tax evasion under 26 U.S.C. § 7201 and three counts of willful failure to file income taxes under 26 U.S.C. § 7203, relating to the years 1999, 2000, and 2001. Shortly before trial, the government discovered an error in computing the tax amount due. Although that error impacted only some of the counts, the government inexplicably filed a motion to dismiss the indictment, and the district court granted the motion to dismiss with prejudice. Lawrence's response to this fortuitous turn of

No. 06-3205 2

events was to file a motion for attorney's fees and costs under the Hyde Amendment.

The Hyde Amendment provides that "the court ... may award ... a reasonable attorney's fee ... where the court finds that the position of the United States was vexatious, frivolous or in bad faith ...." Pub.L. No. 105-119, § 617, 111 Stat. 2519 (1997) (*reprinted in* 18 U.S.C. § 3006A , historical and statutory notes). Lawrence argues that the government acted in bad faith or in a vexatious or frivolous manner in obtaining the indictment and pursuing the criminal case.

According to Lawrence, the Paperwork Reduction Act of 1995 (PRA) required the Internal Revenue Service to display valid Office of Management and Budget (OMB) numbers on its Form 1040 and the 1040 tax form does not in fact contain a valid OMB number. Lawrence argues that the PRA by its terms prohibits the government from imposing a criminal penalty upon a citizen for the failure to complete a form where the information request at issue does not comply with the PRA. Lawrence never explains how this argument is even relevant to the three counts involving tax evasion, but even as to the other three counts, it must fail.

Although Lawrence recites the meaning of vexatious, frivolous and bad faith in an extensive quote of the government's filing, Lawrence fails to set forth how those terms are met by the alleged conduct here. Lawrence's brief represents an attempt to prove that the PRA could present a valid defense to the criminal charges. Yet Lawrence conceded at oral argument that no case from this circuit establishes such a proposition, and in fact Lawrence cites to no caselaw from any jurisdiction that so holds. In contrast, the government referenced numerous cases supporting its position that the PRA does not present a defense to a criminal action for failure to file income taxes, including: *Salberg v. United States*, 969 F.2d 379 (7th Cir. 1992); *United States v. Neff*, 954 F.2d 698 (11th Cir. 1992); *United States v. Kerwin*, 945 F.2d 92 (5th Cir. 1991); *United States v. Hicks*, 947 F.2d 1356 (9th Cir. 1991); and *United States v. Wunder*, 919 F.2d 34 (6th Cir. 1990). Nor is the correctness of Lawrence's position evident from the language of the PRA itself. Lawrence provides no explanation for how government conduct can be vexatious, frivolous, or in bad faith when there is no law contrary to it.

Lawrence's own definition of those terms is instructive. He notes that: vexatious means "without reasonable or probable cause or excuse," *United States v. Gilbert*, 198 F.3d 1293, 1298 (11th Cir. 1999); frivolous means "groundless," as where "the government's position was foreclosed by binding precedent," *United States v. Braunstein*, 281 F.3d 982, 995 (9th Cir. 2002); and bad faith is "not simply bad judgment or negligence, but rather ... the conscious doing of a wrong because of dishonest purpose or moral obliquity," *United States v. True*, 250 F.3d 410, 423 (6th

No. 06-3205 3

Cir. 2001). He then spends the majority of his brief refuting the applicability of the numerous cases cited by the government. His refutation consists mainly of the argument that those cases addressed an earlier version of the PRA, but he makes no effort to explain how the reasoning in those cases is no longer relevant in light of the amendments to the PRA. His attempts at refuting those cases thus ring hollow, but that ultimately would not matter. Lawrence cannot simply argue that the government was wrong; he must argue that they are so wrong that the criminal case was vexatious, frivolous or in bad faith, and that the district court erred in holding otherwise. He has no case support for his argument that the PRA so clearly foreclosed the criminal action as to render the conduct vexatious, frivolous or in bad faith, nor does the language of the PRA establish that proposition. And that is all that matters in this appeal. That failure renders the myriad other arguments raised by the government irrelevant. It matters not whether the 1040 tax form in fact included a valid OMB number, because that is not the issue in this Hyde Amendment appeal. Nor does the standard of review ultimately matter here, because the appeal would fail regardless of the standard employed.

Lawrence makes a secondary argument which, as far as we can discern, asserts that the indictment did not charge a triable offense because it failed to reference the statutory requirement to file a tax return. A similar argument was rejected in *Sloan v. United States*, 939 F.2d 499, 501-03 (7th Cir. 1991), and Lawrence makes no effort to distinguish that case. In fact, Lawrence again supplies no case support for his argument, let alone any cases establishing that the inadequacy of the indictment was so clear as to render the government's conduct vexatious, frivolous or in bad faith. The district court properly denied the request for attorney's fees under the Hyde Amendment. AFFIRMED.

# United States Court of Appeals

For the Seventh Circuit

Chicago, Illinois 60604

**NOTICE OF ISSUANCE OF MANDATE**

DATE: March 23, 2007

TO: John M. Waters
United States District Court
Central District of Illinois
Room 309
100 N.E. Monroe Street
Peoria, IL  61602

FROM: Clerk of the Court

RE: 06-3205
USA v. Lawrence, Robert
06 CR 10019, Michael M. Mihm, Judge

Herewith is the mandate of this court in this appeal, along with the Bill of Costs, if any.  A certified copy of the opinion/order of the court and judgment, if any, and any direction as to costs shall constitute the mandate.

[ ] No record filed
[X] Original record on appeal consisting of:

| ENCLOSED: | | TO BE RETURNED AT LATER DATE: |
|---|---|---|
| [1] | Volumes of pleadings | [ ] |
| [ ] | Volumes of loose pleadings | [ ] |
| [ ] | Volumes of transcripts | [ ] |
| [ ] | Volumes of exhibits | [ ] |
| [ ] | Volumes of depositions | [ ] |
| [ ] | In Camera material | [ ] |
| [ ] | Other_____ | [ ] |
| | Record being retained for use in Appeal No. _____ | [ ] |

Copies of this notice sent to:    Counsel of record
[X]   United States Marshal
[X]   United States Probation Office

**NOTE TO COUNSEL:**
If any physical and large documentary exhibits have been filed in the above-entitled cause, they are to be withdrawn ten days from the date of this notice.  Exhibits not withdrawn during this period will be disposed of.

Please acknowledge receipt of these documents on the enclosed copy of this notice.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Received above mandate and record, if any, from the Clerk, U.S. Court of Appeals for the Seventh Circuit.

Date:  _____    _____
(1071-120397)                              Deputy Clerk, U.S. District Court